UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                              Crim. No. 20-232(31) (JRT/DTS)

Plaintiff,

v.

TASHENA LAVERA CRUMP,

                           Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT TASHENA CRUMP'S RENEWED MOTION FOR RELIEF FROM FAILURE TO SEARCH AND PRESERVE EMAILS**

---

Melinda A. Williams, Harry Jacobs, Matthew S. Ebert, and Garrett S. Fields, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Caitlinrose H. Fisher and Matthew D. Forsgren, **FORSGREN FISHER**, Capella Tower, 225 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendant.

At a pretrial hearing, the Court denied Defendant Tashena Crump's Motion for Relief from Failure to Search and Preserve Emails. The Court granted Crump leave to file a renewed motion based on evidence adduced at trial on October 20, 2023. The Court denied the renewed motion on October 26, 2023. This Order will further explain the Court's reasoning. The Court will also limit the prosecution's authority to introduce non-timely produced exhibits.

**BACKGROUND**

Crump filed a pretrial motion requesting dismissal or an adverse inference instruction based on prosecutorial violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and Federal Rule of Criminal Procedure 16. The government executed a search warrant at her office and seized her company computer. Per Crump, her company emails contained exculpatory content, including ongoing compliance efforts. Crump believed that the prosecution should have accessed her emails through that search, or if not, executed a separate search warrant. She argues that the government then should have preserved and disclosed exculpatory emails. Google deleted her emails approximately two years after Crump was indicted, so she no longer has access to them.

The government responded that it is required under *Brady* to provide the defense with exculpatory evidence in its possession, but that duty does not extend to evidence not in its possession or under its control. *See United States v. Flores-Mireles*, 112 F.3d 337, 340 (8th Cir. 1997) (citing *United States v. Riley*, 657 F.2d 1377, 1386 (8th Cir. 1981)). *Brady* also does not establish an obligation for the government to seek out exculpatory evidence. *United States v. Skorniak*, 59 F.3d 750, 756 (8th Cir. 1995). Because the search warrants did not authorize the government to access Crump's email account from a third party's servers, the government argued it would have violated constitutional and statutory law to take them without a specific warrant. The government further alleged it was not required to seek out such a search warrant. *See United States v. Baker*, 1 F.3d

596, 598 (7th Cir. 1993) ("Certainly, *Brady* does not require the government to conduct discovery on behalf of the defendant.").

The Court denied Crump's motion. (See Ct. Minutes at 4, Sept. 29, 2023, Docket No. 1887). The government had no obligation to execute search warrants on Crump's behalf; its sole obligation was to turn over exculpatory evidence in its possession. Crump made no credible allegation the government violated that duty, nor that it destroyed any evidence.

Crump alleges trial evidence now shows that the government did in fact possess, and perhaps reviewed, Crump's company emails. Crump points to the testimony and related exhibits from former FBI Special Agent Mary Jo Herrett on October 20, 2023. Herrett testified about law enforcement's search of Readers Club Home Office ("RCHO"). A photograph taken during the search appears to show Crump's email account open behind several other windows on her computer. (Tashena Crump's Renewed Mot., Ex. A at 7, Oct. 23, 2023, Docket No. 1950.) Because her email was open during the search, Crump alleges there is now evidence that the government "possessed" her emails.

In her reply brief, Crump raises an additional discovery issue. The government seized several computers from RCHO, including Crump's computer. (*See* Gov't's Opp. to Tashena Crump's Renewed Mot. ("Opp.") at 3, Oct. 24, 2023, Docket No. 1956.) At the hearing on this motion, the parties represented that the government copied and produced shared network drives from those computers but did not copy or produce files

from the computer desktops or other offline locations. The government admitted to the oversight and indicated it has taken steps to remedy the violation, including providing the previously undisclosed files around October 24 and 25, 2023.

## DISCUSSION

The *Brady* claim for Crump's emails and the discovery violations present different issues.[1] The Court will address them in turn.

### I. CRUMP'S EMAILS

Crump's motion seeks to contort the prosecution's duties under *Brady* beyond recognition. No new evidence has or can change the fact that the duty applies only to exculpatory evidence within the prosecution's possession or control. Neither *Brady* nor the Federal Rules of Criminal procedure require the prosecution to seek out exculpatory material that it does not possess. And the fact that the emails were visible when law enforcement executed a search warrant does not mean that the prosecution "possessed" the emails for *Brady* purposes.

As the Court previously ruled, the government was not obligated to search Crump's emails for exculpatory information if the emails were not in its possession. "While Brady requires the Government to tender to the defense all exculpatory evidence in its

---

[1] The offline contents of Crump's computer do not appear to have any bearing on the government's access to her web-based emails. The government represented at the hearing on this motion that there was one downloaded email saved to Crump's desktop, but that email was already produced in a separate round of document production.

possession, it establishes no obligation on the Government to seek out such evidence." *Riley*, 657 F.2d at 1386 (internal quotation omitted). The only relevant information the new evidence may reveal, then, is whether the government in fact possessed the emails. But the evidence falls short of establishing that proposition.

The government indicates that the FBI Computer Analysis Response Team extracted files from Crump's computer when it searched her office, but it did not download any of her web-based emails. (Opp. at 3.) Beyond the day of the search, the government represents that it did not search for or seize Crump's web-based emails. (*See id.*) Because the emails were not in the prosecution's possession after the search, the only moment it could have possessed the emails was during the search itself. Crump essentially asks the Court to find that, because her email was in sight during the search, it was "in the possession of the prosecutor" or was within the prosecution's "actual or constructive control." *See Flores-Mireles*, 112 F.3d at 340. That would be an extraordinary and untenable reading of *Brady*, though.

If the government "possesses" *Brady* material simply because it is in sight while law enforcement executes a search warrant, that would impose a duty upon law enforcement to scour premises for and then seize exculpatory information any time it executes a search warrant. What is more, for Crump to succeed, that definition of "possession" would have to apply not just to items that are obviously exculpatory from a quick glance around the premises, but to information that requires extensive review to

determine its exculpatory value. After all, Crump does not allege that law enforcement read her emails, but only that the emails were open on her computer screen. Nothing about that email window appears facially exculpatory. By her definition, then, the prosecution "possesses" *Brady* material when it executes a search warrant and has the ability to look through evidence that may, but will not necessarily, contain exculpatory information. Because the Court finds that the prosecution never "possessed" Crump's emails, it will hold the prosecution did not violate *Brady* by failing to preserve and produce them.

The parties engage in extended debate about whether a warrant authorized the prosecution to search Crump's emails, or whether such action would violate the Fourth Amendment, Federal Rules of Criminal Procedure, and/or the Electronic Communications Privacy Act. That debate is largely immaterial.[2] As discussed, what matters is not whether the government had the ability—whether technological or legal—to search Crump's emails. What matters is whether it actually did so. Even if the government had an explicit warrant allowing it to search Crump's emails, it would not have been constitutionally obligated to execute that warrant. All *Brady* requires is that **if** the prosecution seized those emails, it turn over any exculpatory content within them to the

---

[2] The Court will not dwell on a tangential point, but nonetheless finds that a warrant to search a computer would not authorize search of online emails hosted on a third-party server.

defense. *Brady* does not require the prosecution to have a good reason for not possessing exculpatory content; it simply asks whether the prosecution in fact possessed it or not.

While the foregoing is reason enough to deny Crump's motion, there would likely be additional, independent, grounds. First, the prosecution only violates its *Brady* obligation with respect to evidence "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984); *see also Flores-Mireles*, 112 F.3d at 340. Though now unavailable, Crump had two years to log in to her email account and download content, or, if that was not an option, to subpoena the content from Google. Crump has also provided scant evidence beyond allegations that the emails contained exculpatory content. *See Flores-Mireles*, 112 F.3d at 340 (no duty to disclose evidence that is speculative). The Court need not delve into these alternative grounds, though, because the very premise of *Brady*'s applicability to these emails is flawed.

Accordingly, the Court will deny Crump's Renewed Motion because the prosecution did not possess her emails and did not have any duty to produce them under *Brady* or Federal Rule of Criminal Procedure 16.

## II. DISCOVERY VIOLATIONS

The prosecution's failure to timely produce the full contents of the RCHO computers violated Federal Rule of Criminal Procedure 16. What is more, the prosecution represented in July 2023 that the full contents of the computers had been produced, which was misleading. (*See* Tashena Crump's Reply & Suppl. Br., Ex. C, D, Oct. 25, 2023,

Docket No. 1963.)  Nonetheless, the Court does not see any indication that the omission was a result of intentional gamesmanship rather than a mistake in a case that has produced an enormous amount of evidence.  And the prejudice to Crump from late production is not so significant to warrant dismissal or any other extraordinary remedy.  The Court finds that an appropriate remedy is to forbid the government from introducing or otherwise using any of the undisclosed materials without prior permission from the Court.  Crump should have time to review the files before presenting her defense, if she chooses to do so.  But the government may not use the files in its case in chief, for impeachment, as rebuttal evidence, in its closing statement, or for any other purpose without first seeking leave of the Court.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Renewed Motion for Relief from Failure to Search and Preserve Emails [Docket No. 1950] is **DENIED**.

2. The government shall not introduce or otherwise use at trial any of the undisclosed materials referred to in the memorandum accompanying this order without explicit permission from the Court.

DATED: October 27, 2023                       _____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                        United States District Judge